

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR ANIVAL RAMOS GREGORIO,<br><br>                         Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden of Otay Mesa Detention Center, et al.,<br><br>                         Respondents. | Case No.:  25cv3741-LL-MMP<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**<br><br>**[ECF No. 1]** |

Pending before the Court is Petitioner Hector Anival Ramos Gregorio's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF No. 1. The matter is fully briefed, and the Court deems it suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1. For the reasons below, the Court **GRANTS** the Petition for Writ of Habeas Corpus and **ORDERS** Petitioner's release from custody on the conditions previously ordered by the Immigration Judge.

## I.    BACKGROUND

Petitioner is a Guatemalan national who entered the United States without inspection in March 2019. ECF No. 1 ("Pet.") ¶ 10. He has family here and a pending asylum application to remain here as well. *Id*. ¶ 50. On August 8, 2025, ICE detained Petitioner.

*Id.* ¶ 54. Shortly thereafter, an Immigration Judge conducted a custody redetermination hearing and ruled that Petitioner did not pose a danger to the community but did present a flight risk, which could be mitigated with bond and Alternatives to Detention. *See* ECF No. 1-3. The IJ granted Petitioner's release with a $10,000 bond. *Id.* Subsequently, however, the IJ determined that he lacked jurisdiction to grant Petitioner's bond, in light of DHS charging Petitioner under § 1225(b)(2) as opposed to § 1226(a). *See* ECF No. 4, at 1–2. The former mandating detention, the latter permitting release on bond when it is determined that the alien is not a danger to others or a flight risk and the like. Petitioner argues that DHS's classification and detention of him is wrong. *See generally* Pet. Therefore, on December 23, 2025, he petitioned this Court to be released on the conditions the IJ previously determined. *See id.*

## II.    DISCUSSION

### A.    Jurisdiction

Courts have long had jurisdiction to issue writs of habeas corpus to petitioners held in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C § 2241(c)(3). In doing so, we carry out the "historic purpose of the writ," namely "to relieve detention by executive authorities without judicial trial." *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). Had Petitioner sought to challenge the Government's decision to execute any removal order, it would bar this Court's review. *See Arce v. United States*, 899 F.3d 796, 800 (9th Cir. 2018) (applying 8 U.S.C. § 1252(g)'s "jurisdiction-stripping power to actions challenging the Attorney General's discretionary decisions to initiate proceedings, adjudicate cases, and execute removal orders"). But Petitioner only contests the Government's purported legal authority to subject him to mandatory detention under § 1225(b)(2), so the Court has jurisdiction to weigh in. *See Ibarra-Perez v. United States*, 154 F.4th 989, 998 (9th Cir. 2025) (noting that courts often have "jurisdiction" to hear a claim "premised on a lack of legal authority"); *Beltran v. Noem*, No. 25-cv-2650-LL-DEB, 2025 WL 3078837, at *2 (S.D. Cal. Nov. 4, 2025) (finding that § 1252(g) does not strip us of jurisdiction to hear a petitioner's claim premised on "a lack of legal authority to subject

[him] to mandatory detention under 8 U.S.C. § 1225(b)(2) during [removal] proceedings").

Nor does 8 U.S.C. § 1252(b)(9) strip this Court of jurisdiction. This statute "bars review of claims arising from actions or proceedings brought to remove an alien," that is "an order of removal, the decision to seek removal, or the process by which removability will be determined." *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 19 (2020) (quotation marks, alterations, and ellipses omitted). It does not bar claims that are merely "collateral" to the removal process. *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1032 (9th Cir. 2016). Like here, such collaterality includes claims predicated on "a lack of legal authority to subject [petitioners] to mandatory detention under § 1225[b][2] instead of detention with a bond hearing under § 1226(a)." *Beltran*, 2025 WL 3078837, at *3.

## B.    Merits

The Government has now acknowledged the following: "On July 8, 2025, the Department of Homeland Security ('DHS') instituted a notice titled 'Interim Guidance Regarding Detention Authority for Applicants for Admission' (the 'Notice') requiring, in general, that anyone arrested in the United States and charged with being inadmissible be considered an 'applicant for admission' under 8 U.S.C. § 1225(b)(2)(A), subject to mandatory detention under 8 U.S.C. § 27 1225(b)(2)(A) and not subject to detention under 8 U.S.C. § 1226(a). In *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3289861 (C.D. Cal. Nov. 20, 2025), the district court declared the Notice unlawful under the Administrative Procedures Act but did not issue a final judgment. On December 18, 2025, however, the *Bautista* court entered final judgment. *Bautista*, ECF No. 94. Respondents here acknowledge that Petitioner is covered by the *Baustista* judgment declaring the Notice unlawful. He is thus detained under 8 U.S.C. § 1226(a)." ECF No. 4, at 1–2.

Additionally, the Government states that: "On August 15, 2025, the Immigration Judge conducted a custody redetermination hearing and ruled that Petitioner did not pose a danger to the community but did present a flight risk, which could be mitigated with bond and Alternatives to Detention. *See* Bond Memorandum of the Immigration Judge dated

September 9, 2025 at ECF No. 1-3. The IJ granted [Petitioner's] release with a $10,000 bond. *Id.* Subsequently, under the policy the *Bautista* court has now held was unlawful, the IJ determined it lacked jurisdiction to grant bond to Petitioner." *Id.* at 2 n.1.

Therefore, the Government concludes that Petitioner "is entitled to an order from this Court that directs the agency to implement the release conditions previously ordered by the Immigration Judge or to hold a new bond hearing pursuant to 8 U.S.C. § 1226(a)." *Id.* at 2. The Court agrees.

## III.    CONCLUSION

Accordingly, the Court **GRANTS** the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. By **January 16, 2026**, Respondents shall release Petitioner from custody with the release conditions previously ordered by the Immigration Judge. ECF No. 1-3 ("Bond Memorandum of the IJ"). Petitioner's requests for attorney fees and costs is denied without prejudice. The Clerk shall close this case.

**IT IS SO ORDERED.**

Dated:  January 9, 2026

_____
Honorable Linda Lopez
United States District Judge